■ HISPANIC INDEPENDENT TELEVISION SALES, LLC, Now Known as HISPANIC MEDIA WORKS, Appellant, v UNA VEZ MAS, LP, Respondent. [973 NYS2d 60]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered June 7, 2012, which, in this action to collect on accounts receivable purchased in an underlying bankruptcy proceeding, insofar as appealed from as limited by the briefs, denied plaintiff's motion to dismiss defendant's fourth affirmative defense for recoupment, unanimously affirmed, with costs.

Nonparties Interep National Radio Sales, Inc. and Azteca America Television Sales, Inc. (collectively Interep) entered into a national television sales representation agreement (sales agreement) with defendant television station. Under the agreement, Interep was to sell television spots and advertising time on behalf of defendant, in exchange for a commission based on

the amount of revenue from the sales. While it is undisputed that Interep sold television spots and advertising time for defendant, defendant alleged that Interep breached various provisions of the sales agreement. After defendant terminated the agreement, Interep filed for bankruptcy.

During the bankruptcy proceedings, plaintiff purchased from the trustee Interep's accounts receivable related to defendant's account pursuant to an asset purchase agreement, which the Bankruptcy Court approved under the Bankruptcy Code (11 USC § 363 [f]). Plaintiff commenced this action to collect on the accounts receivable, and defendant asserted a "defense" for recoupment of damages arising from Interep's alleged breach of the sales agreement. Plaintiff argues that the "defense" should be dismissed because it does not sound in recoupment, but rather, is an independent breach of contract claim against Interep that has been extinguished by the "free and clear" sale under section 363 (f).

Supreme Court properly denied plaintiff's motion to dismiss the defense. The affirmative defense of recoupment is not an "interest" that is extinguishable by a "free and clear" sale under the Bankruptcy Code (see Folger Adam Sec., Inc. v DeMatteis/MacGregor JV, 209 F3d 252, 260-261 [3d Cir 2000]). Further, we reject plaintiff's contention that recoupment may not be applied because Interep's performance and alleged breach of the sales agreement constitute independent and unrelated transactions (see Westinghouse Credit Corp. v D'Urso, 278 F3d 138, 147 [2d Cir 2002] ["Recoupment may only be applied in bankruptcy where both debts . . . arise out of a single integrated transaction . . . ." (internal quotation marks and emphasis omitted)]). Defendant's recoupment defense arises out of the same transaction (i.e., the same contract) that forms the basis for plaintiff's action against defendant (see Hispanic Ind. Tel. Sales, LLC v Kaza Azteca Am. Inc., 2012 WL 1079959, *7, 2012 US Dist LEXIS 46239, *20 [SD NY, Mar. 30, 2012, No. 10 Civ. 932(SHS)]).

We have reviewed plaintiff's remaining contentions, including its argument that defendant's defense is barred by the doctrines of res judicata or collateral estoppel, and find them unavailing. Concur—Friedman, J.P., Richter, Feinman and Gische, JJ.